UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| OSCAR O. HOPKINS | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-94 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

**MEMORANDUM OPINION**

The plaintiff Oscar O. Hopkins has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Hopkins was born in 1948 and was 56 years old at the time of his supplemental administrative hearing. [Tr. 17, 622]. He completed sixth grade and has no relevant past work experience because he had not worked since 1988. [Tr. 17, 622]. Mr. Hopkins alleges he is disabled as of May 4, 1988, from pain due to a broken neck, a hernia, removal of his kidneys, and a kidney transplant. [Tr. 17]. In March 2004, an Administrative Law Judge [ALJ] found that he was not disabled. [Tr. 40]. In May 2004, the Appeals Council vacated that decision and remanded the case so an ALJ

could properly evaluate Mr. Hopkins' subjective complaints and provide specific references and rationales for his residual functional capacity [RFC] finding. [Tr. 73-74]. Based upon a finding that his severe impairments were not severe enough, the ALJ found in October 2004 that Mr. Hopkins was not disabled as defined by the Social Security Act. [Tr. 20].

Mr. Hopkins testified at his supplemental administrative hearing held on September 30, 2004. [Tr. 622-39]. The ALJ identified the main issue in the case as whether Mr. Hopkins was disabled on or before September 30, 1993. [Tr. 621]. Mr. Hopkins testified he last worked in 1988; his main jobs were in the military and light construction work. [Tr. 623]. While in the military, he was injured in a landmine explosion and is now classified by the military as 80 percent disabled. [*Id.*]. And, in 1986, Mr. Hopkins fell off a ladder, breaking his neck in three places and injuring his hips. [Tr. 19, 624]. He has had three surgeries to repair hernias and five surgeries to remove kidney stones. [Tr. 625-26]. Mr. Hopkins has also had kidney transplant surgery. [Tr. 627]. He described having "no life" and only staying at home or going to doctor appointments. [Tr. 629].

The ALJ ruled that Mr. Hopkins was not disabled because his severe impairments of status-post cervical fusion and status post-hernia repairs were not severe enough for a finding of disability. [Tr. 20]. The ALJ then found Mr. Hopkins

2

retained the residual functional capacity [RFC] to perform a full range of light work. [Tr. 24]. With that finding, Mr. Hopkins was not disabled pursuant to Medical-Vocational Rule 202.16. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Hopkins requests a judgment on the pleadings and challenges the ALJ's finding that he could perform a full range of light work. Dr. G. Webber, Dr. Hale, and physical therapist Rick Simmons all evaluated Mr. Hopkins' exertional capabilities. According to Dr. Webber, Mr. Hopkins could sit for three hours and stand/walk/drive for four hours out of an eight hour workday. [Tr. 201]. He could also occasionally lift/carry up to 20 pounds and frequently lift/carry up to 10 pounds.

3

Case 2:05-cv-00094   Document 14   Filed 01/30/06   Page 3 of 6   PageID #: 3

[*Id*.]. The lift/carry requirements are on par with the requirements of light work while the postural limitations are close. Dr. Hale found that Mr. Hopkins could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for at least two hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. [Tr. 207-08]. Again, the postural limitations are close to light work while the weight limits are exact. Finally, physical therapist Rick Simmons evaluated Mr. Hopkins and saw that he was able to lift 17.5 pounds continuously for 15 minutes. [Tr. 171]. In the therapist's opinion, "the only limitation is [Mr. Hopkins'] focus on pain." Because of the medical evidence detailed in the three opinions above, the ALJ's finding that Mr. Hopkins could perform a full range of light work was made with substantial evidence.

Mr. Hopkins also contends the ALJ erred in his evaluation of his mental impairments and their affect on his ability to work. According to the ALJ, "The evidence clearly shows that, during the period in question, [Mr. Hopkins'] mental impairments did not result in any limitation in his ability to perform daily activities, maintain social interaction, adapt, or maintain concentration, persistence, or pace." [Tr. 21]. To support his finding, the ALJ cited the conclusion of the psychological examiners who examined Mr. Hopkins in May 1990. [Tr. 21]. H. Abraham Brietstein, Ph.D., and Douglas Tyler, M.S., concluded that Mr. Hopkins did not have

4

any diagnosable mental impairment. [Tr. 213]. Mr. Hopkins was not significantly limited in his ability to understand and remember, sustain concentration and persistence, and socially interact, although he was limited in his ability to adapt. [Tr. 214-15]. An October 1989 psychological assessment performed by Bertram R. Henry, M.D., noted that following treatment, Mr. Hopkins had become less depressed and less anxious; "All in all [he] has shown tremendous emotional improvement and he is in greater control of his emotions." [Tr. 179]. The doctor also found that when Mr. Hopkins experienced stress he was "very likely to magnify symptoms and exaggerate medical difficulties." [Tr. 180]. In sum, the doctor believed that Mr. Hopkins did not need additional psychological assistance and that he was competent to handle daily life and daily work. [Tr. 181]. Based on the above medical evidence, the ALJ's finding that Mr. Hopkins did not experience limitations from mental impairments was made with substantial evidence.

Finally, Mr. Hopkins argues the ALJ improperly evaluated his subjective allegations. The ALJ concluded that "during the time period in question, [Mr. Hopkins'] allegations of disabling pain and other disabling physical symptoms are not supported by the record as a whole." [Tr. 23]. The ALJ noted that neurological evidence did not support Mr. Hopkins' allegations of headaches and blackouts. [Tr. 22]. The medical evidence also failed to support his allegations of nerve damage to

5

his legs, right arm, and buttocks. [*Id*.]. Despite allegations of disabling pain, Mr. Hopkins voluntarily stopped taking pain medication two times. [*Id*.]. There are no medical records for the treatment of pain from October 1989 through September 1993. [*Id*.]. The ALJ also noted that one of Mr. Hopkins' treating physicians stated that his condition did not warrant permanent disability. [Tr. 23]. Based on the foregoing medical evidence, the ALJ's decision that Mr. Hopkins was not entirely credible was made with substantial evidence. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Mr. Hopkins' motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

     s/Thomas Gray Hull
    THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE